# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JERMAINE DONNELL LOWERY,      *

Plaintiff      *

v      *      Civil Action No. JFM-13-483

BALTMORE COUNTY DETENTION      *
CENTER MEDICAL DEPARTMENT, et al.,
Defendant      *
     ***

**MEMORANDUM**

Pending is Baltimore County Detention Center Medical Department, James O'Niell, Taiye Oni, and Vivien Thomas's motion to dismiss, or in the alternative, for summary judgment. ECF No. 11. Plaintiff has responded.[1] ECF No. 15. An oral hearing in this matter is unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the motion to dismiss, construed as a motion for summary judgment, will be GRANTED.

**Background**

Jermaine Lowery, a self-represented plaintiff, initiated these proceedings alleging that on January 16, 2013, while housed at the Baltimore County Detention Center ("BCDC"), he was provided medication by Nurse "Oni Taiya" which caused an allergic reaction so severe that he was rushed to the emergency room for treatment. He states that on January 19, 2013, "Med Tech Robinson tried to medicate me with the same med." Plaintiff states that thereafter he has suffered dizziness, headaches, and elevated blood pressure, and been prescribed Prozac. ECF Nos. 1 & 3. Plaintiff states that BCDC Director James O'Neill refused to respond to his complaints regarding his medical care. ECF No. 3.

The material facts are not disputed. On January 16, 2013, at 4:54 a.m., plaintiff was received at BCDC. ECF No. 11, Ex., 1, p. 1. His medical intake began at 5:47 a.m. *Id.*, p. 13. Plaintiff

---
[1] Plaintiff's Motions to Produce Documents (ECF Nos. 9 & 10) shall be denied.

reported he was allergic to Penicillin. Although he reported no history of high blood pressure, his blood pressure reading was 180/110. As a result of the high reading, an order was issued placing plaintiff on 20 mg Lisinopril each morning for 90 days. *Id.*, p. 19.

Plaintiff received a dose of Lisinopril on the morning of January 17, 2013. *Id.*, p. 62. At 12:01 p.m. the same day, he reported to sick call complaining of swelling to his lips. He was seen by Physician's Assistant Venessa Thomas who ordered the Lisinopril discontinued and administered Benadryl and Zantac. *Id.*, p. 8 and 20. Plaintiff returned to medical around 3:00 p.m. complaining that his lips continued to swell. He was given a dose of Prednisone and was told that the swelling could worsen before it improved. *Id.*, p. 8, 21.

At approximately 5:00 a.m. on January 18, 2013, plaintiff returned to the medical unit and was seen by Oni who administered a larger dose of prednisone and another dose of Benadryl to combat the continued swelling. She also directed that plaintiff be moved to the medical unit for observation pending transport to the emergency room. *Id.*, p. 8, 23, 30. Plaintiff remained under observation in the medical unit until 11:00 a.m. when he was transported to the Greater Baltimore Medical Center. There, he was diagnosed as suffering from "lip swelling –probable angio edema.

Plaintiff returned to the Detention Center at approximately 4:00 p.m. and was seen by Physician's Assistant Victoria Titus. Plaintiff remained in the medical observation unit and orders were issue to implement the hospital's directions for care, which included continuing him on prednisone for 10 days. *Id.*, p. 9, 40 and 41.

Plaintiff submitted a sick call slip complaining of headaches and "feeling weird and jittery and weak." He claimed his symptoms were related to the allergic reaction. He was scheduled for chronic care clinic on January 22, 2013. *Id*, p. 9, 42, 43-44. Plaintiff was seen for a mental health

evaluation on January 23, 2013 and referred for a psychiatric consultation which occurred on January 24, 2013. *Id.*, p. 43-51.

Plaintiff submitted a sick call slip on January 27, 2013, requesting medication to manage his lower back pain. He was evaluated on January 28, 2013, and it was noted that the lower lip swelling was resolved. *Id.*, p. 9, 52.

**Standard of Review**

A.   Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 562. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). Rule

8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id.* 570.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

B.   Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has

clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

A. Baltimore County Detention Center Medical Department

Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because defendant Baltimore County Detention Center Medical Department is not a "person" subject to suit or liability under § 1983, it shall be dismissed as a party to this complaint.

B. Respondeat Superior

Plaintiff's complaint against BCDC Director O'Neill is based solely upon the doctrine of *respondeat superior,* which does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit). Liability of supervisory officials must be "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir.

2001), citing *Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994). Plaintiff has pointed to no action or inaction on the part of O'Neill that resulted in a constitutional injury, and accordingly, his claims against O'Neill shall be dismissed.

C.  Medical Care

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an

objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995) *quoting Farmer* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted. *See Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2000); *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

Plaintiff's allegations that the medical defendants gave him medication which caused an allergic reaction states, at most, a claim of negligence. The only dispute of fact concerns plaintiff's allegation that he advised medical personnel that he was allergic to "certain blood pressure medications." ECF Nos. 1 & 3. His medical records refute this allegation, noting only that he advised of an allergy to penicillin and he reported no history of high blood pressure. Even if he told medical staff he was allergic to "certain blood pressure medications" as he claims, there is no indication that defendants drew or should have drawn therefrom an inference that he was allergic to the specific medication prescribed. Moreover, once plaintiff reported an allergic reaction, the medication was discontinued and plaintiff' swelling was treated promptly and thoroughly. Under

8

these facts there was no deliberate indifference to plaintiff's serious medical issue and defendants are entitled to summary judgment.

## Conclusion

For the aforementioned reasons, defendants' motion, construed as a motion for summary judgment, shall be granted. A separate order follows.

___October 23, 2013___              /s/
Date                                                 J. Frederick Motz
                                                      United States District Judge